[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12414
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-00019-CR-CAR-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL DAVID RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 29, 2010)

Before BIRCH and BARKETT, Circuit Judges and BUCKLEW,* District Judge.

PER CURIAM:

_____

* Honorable Susan C. Bucklew, United States District Judge for the Middle District of
Florida, sitting by designation.

Carl David Richardson appeals his 115-month sentence imposed following his guilty plea for dealing in explosives without a license, in violation of 18 U.S.C. § 842(a). He argues that his sentence was both procedurally and substantively unreasonable because the district court treated the U.S. Sentencing Guidelines as mandatory, failed to adequately explain its reasons for imposing the sentence, and improperly calculated the Guidelines range by enhancing his base offense level for obstruction of justice, under U.S.S.G. § 3C1.1, and denying any reduction of his base offense level for acceptance of responsibility, under U.S.S.G. § 3E1.1, based on his failure to appear at sentencing.

Richardson argues that the enhancement was unwarranted because, due to his mental illnesses, his failure to appear at sentencing was not willful. He also argues that the district court erred in denying him an acceptance of responsibility reduction because it did so also based on Richardson's failure to appear, without considering whether he accepted responsibility to the extent that his mental condition enabled him to do so. Richardson claims that these adjustments resulted in a substantively unreasonable sentence that was greater than necessary to comply with the purposes of federal sentencing.

After considering the record, the briefs of the parties, and oral argument, we affirm. First, we cannot say that the district court clearly erred in calculating the

Guidelines range. The trial judge considered evidence and arguments on the effect of Richardson's mental illnesses on his ability to act willfully and concluded, based on all of the evidence, that Richardson made a conscious choice not to attend the sentencing hearing, unaffected by his mental illnesses. Thus, the enhancement for obstruction of justice was not erroneous. See U.S.S.G. § 3C1.1, cmt. n.4 ("this enhancement applies [to] . . . willfully failing to appear, as ordered, for a judicial proceeding").

Likewise, the court did not err in denying any downward adjustment for acceptance of responsibility based on its finding that Richardson's failure to appear at sentencing indicated that he had not accepted responsibility for his criminal conduct. See U.S.S.G. § 3C1.1, cmt. n.4 ("Conduct resulting in an enhancement [for obstructing justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.").[1]

The court also addressed the 18 U.S.C. § 3553(a) factors that must be considered, discussing Richardson's arguments at sentencing and his criminal history, mental condition, and the seriousness of his offense, and expressly recognized that the Guidelines are advisory.

---

[1] Although there may be "extraordinary cases" where both an upward adjustment for obstruction of justice and a downward adjustment for acceptance of responsibility apply, see U.S.S.G. § 3C1.1, cmt. n.4, Richardson failed to demonstrate that his case was "extraordinary."

Finally, Richardson's sentence is not substantively unreasonable. The district court made an individualized assessment of the case (considering Richardson's mental health, his extensive criminal history, and the seriousness of his offense), and its sentence at the high end of the Guidelines range falls within the range of reasonable sentences dictated by the facts of the case.

**AFFIRMED.**